Joseph M. Conroy, J.
This is an application by order to show cause for a direction to one Eva Burger to turn over and deliver to Leopold Burger, the movant, certain insurance policies on his life.
The movant was adjudged incompetent after trial by a jury in 1941 and Hattie Burger, his wife, was appointed committee. She acted in that capacity until August 1,1957 when the movant was adjudged competent and she was directed to file a final account of her proceedings. She did not comply with the order and in 1961 the former incompetent moved to punish her for contempt. While this application was pending, having been adjourned several times, the committee died.
The movant is willing to waive the filing of a final account, but requests that the sum of $199.30, on deposit in the committee’s account, be turned over to him. The depositary, Sterling National Bank & Trust Company, not being a party to this proceeding, cannot be directed to turn over these funds to him. However, an order will be granted permitting the depositary to turn over these funds to him.
The primary purpose of this application is to obtain possession of the four life insurance policies. The movant contends that these policies were in the possession of the committee and that since Eva Burger resided with the committee, her mother, prior to the mother’s demise, it is proper to assume that Eva Burger had access to or knowledge of the whereabouts of the policies. Respondent, although appearing by an attorney and submitting a brief, has not filed any affidavit in opposition to the application. She argues, however, that the Supreme Court has lost jurisdiction of this proceeding by virtue of the death of the committee and the adjudication of competency, citing Matter of Hall (134 N. Y. S. 866 [1911]) in which a Surrogate’s Court held that in a case where both incompetent and committee died on the same day, it had exclusive jurisdiction to compel an accounting between the administrators of the deceased incompetent and the deceased committee.
*955 Respondent seeks to apply this reasoning to the instant case. But, here, the incompetent is still living and his committee has not been discharged or her bond cancelled. Until such event this court retains jurisdiction to compel an accounting and a return to the former incompetent of his property. In Matter of Dowd (44 N. Y. S. 1094), cited by respondent, the committee had been discharged and the former incompetent’s property had been returned to him. That properly terminated the court’s jurisdiction of the proceeding.
This court, having taken jurisdiction of this proceeding in 1941, does and will retain it until a final disposition by the discharge of the committee and the cancellation of her bond.
It appears from respondent’s brief that the estate of the deceased committee claims an interest in the policies by virtue of a gift. This issue cannot be tried in this proceeding, but in an action or proceeding brought by the estate in a proper forum. The committee had repeatedly stated in her annual inventories and accounts, as well as under oath before the Referees examining those accounts, that she held these policies in her custody and that the incompetent ‘ ‘ has only the four insurance policies under which he received the disability payments.” The respondent, Eva Burger, may or may not have the policies in her possession or under her control, or knowledge concerning their whereabouts. If she does control them, they should be returned to the former incompetent. If she does not, she should so state in open court, under oath.
This matter will be set down for a further hearing before this court on February 5, 1962, at 10:00 a.m. and the movant may subpeena the respondent and any other parties he may desire. Notice of the hearing shall be given to the surety on the committee’s bond. Disposition of the application will be held in abeyance pending the conclusion of the hearing.